**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **SHERMAN WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 16-2278-STA-tmp** |
| | ) | |
| **CORRECTIONS CORPORATION OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**REPORT AND RECOMMENDATION**

---

On April 25, 2016, plaintiff Sherman Walker, who is African-American, filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that defendant Corrections Corporation of America ("CCA") took an adverse employment action against him due to his race. Before the court pursuant to Administrative Order 2013-05 is a Motion for Summary Judgment filed by CCA on October 21, 2016. (ECF No. 26.) Walker, who is proceeding *pro se*, did not file a timely response to the motion. As a result, on January 4, 2017, the court ordered Walker to show cause why CCA's motion should not be granted. Walker complied with the show cause order by filing a response to the motion on January 18, 2017. CCA filed a reply on January 25, 2017.

For the reasons below, it is recommended that CCA's motion be granted.

## I. PROPOSED FINDINGS OF FACT

As required by this court's Local Rules, CCA filed a Statement of Undisputed Material Facts along with its Motion for Summary Judgment. (ECF No. 29.) The Local Rules provide the following:

> Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either: (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. . . .

LR 56.1(b); see also Lee v. Swift Transp. Co. of Ariz., LLC, No. 2:12-cv-022300-JTF-tmp, 2014 WL 897407, at *2 (W.D. Tenn. Mar. 6, 2014) ("Moreover, [Plaintiff's] statement does not comply with Local Rule 56.1(b) . . . Therefore, the court will rely on Defendant's Statement of Material Facts in deciding the instant motion."); Iqbal v. Pinnacle Airlines, Inc., 802 F. Supp. 2d 909, 914-15 (W.D. Tenn. 2011) (deeming as undisputed facts to which plaintiff did not respond as required by the local rules). Walker filed a two-page response to CCA's motion and Statement of Undisputed Material Facts. The response does not comply with Local Rule 56.1(b), nor does it demonstrate that any fact set forth by CCA is disputed. Therefore, the court finds the facts

contained in CCA's Statement of Undisputed Material Facts are undisputed for purposes of summary judgment.

CCA is a corrections management provider that specializes in the design, construction, and management of detention facilities, jails, and prisons across the country. (Declaration of Ted Davidson ("Davidson Decl.") ¶ 3.) Recently, CCA constructed the Trousdale Turner Correctional Center ("Trousdale") in Hartsville, Tennessee. (Id. ¶ 4.) CCA contracted with J.E. Dunn Construction ("Dunn") and retained Dunn to serve as the general contractor on the Trousdale construction project. (Id.) Dunn in turn contracted with various subcontractors, including Northern Electric, Inc. ("Northern Electric"), in order to complete the construction project. (Id. ¶¶ 4-6.)

During the events of May 2015 at issue in this lawsuit, Walker was an employee of Northern Electric. (Id. ¶ 5.) CCA did not hire him, control the manner or means by which he performed his designated tasks at the Trousdale worksite, provide equipment or tools to him to use in completing his designated tasks, compensate him in any manner for the work that he performed, provide employment-based benefits to him, claim him as an employee in any manner, including with respect to taxes, or have the right to retain, promote, or terminate him. (Id. ¶ 10.) In addition, the contract between CCA and Dunn

acknowledges that Dunn would direct and supervise the work that was being performed at the Trousdale worksite, bear responsibility for the acts and omissions of its agents and employees as well as the agents and employees of its subcontractors, ensure the employment of fit persons who were skilled in the tasks that were assigned to them, provide and pay for necessary labor, and provide and pay for necessary equipment and tools. (Id. ¶ 11; General Conditions of the Contract for Construction, ECF No. 28-1.)

On the morning of May 22, 2015, Walker arrived at the Trousdale worksite and encountered co-worker Ronnie Nicholson. (Trousdale County Sheriff's Office Incident Report, ECF No. 1-2.) Nicholson pulled out a black handgun from his waist area and pointed it at Walker. (Id.) Nicholson threatened to harm Walker due to a personal dispute between them. (Davidson decl. ¶ 6.) After backing away from Nicholson, Walker told Nicholson he was going to call the police, at which point Nicholson walked away. (ECF No. 1-2.) Shortly thereafter, either Nicholson or someone acting on his behalf attempted to hide the loaded handgun. (Davidson decl. ¶ 6.) The loaded handgun was later located and removed from the Trousdale worksite. (Id. ¶ 7.) CCA employees who were present at the Trousdale location were very concerned about the incident. (Id. ¶ 8.) Ted Davidson, the Director for Construction Management for CCA of Tennessee,

LLC, a subsidiary of CCA, informed Dunn that the individuals involved in the incident were no longer welcome on the Trousdale worksite. (Id.) Davidson did not request that Dunn or Northern Electric terminate Walker or Nicholson. (Id. ¶ 9.)

Walker was apparently terminated from his position with Northern Electric. He then filed a charge of race discrimination pursuant to Title VII with the Equal Employment Opportunity Commission ("EEOC"). Walker received a Notice of Right to Sue from the EEOC on March 18, 2016, and the instant suit was filed on April 25, 2016.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Geiger v. Tower Auto., 579 F.3d 614, 620 (6th Cir. 2009). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). "The moving party bears the initial burden of production." Palmer v. Cacioppo, 429 F. App'x 491, 495 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once the moving

party has met its burden, "the burden shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" Jakubowski v. Christ Hosp., Inc., 627 F.3d 196, 200 (6th Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "[I]f the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001). "The central issue 'is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Palmer, 429 F. App'x at 495 (quoting Anderson, 477 U.S. at 251-52).

**B. Title VII Liability**

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). For purposes of Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."

§ 2000e(b). An employee is defined as "an individual employed by an employer . . . ." § 2000e(f). "Whether an individual is an 'employee' for purposes of Title VII is a preliminary matter that, '[i]n the absence of a conflict of material fact,' can be decided by the court as a matter of law." Bowers v. Ophthalmology Grp. LLP, 648 F. App'x 573, 578 (6th Cir. 2016) (quoting Simpson v. Ernst & Young, 100 F.3d 436, 444 n.1 (6th Cir. 1996)).

The Supreme Court has instructed lower courts to interpret the term employee "by incorporating the common law of agency." Bryson v. Middlefield Volunteer Fire Dept., Inc, 656 F.3d 348, 352 (6th Cir. 2011) (quoting Ware v. United States, 67 F.3d 574, 576 (6th Cir. 1995)). The Supreme Court has explained that

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Id. (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992)).

The court finds that, as a matter of law, CCA was not Walker's "employer" for purposes of Title VII. CCA did not hire him, control how he performed his tasks at the Trousdale worksite, provide him with equipment or tools, compensate him, provide employment-based benefits to him, claim him as an employee with respect to taxes, or have the right to retain, promote, or terminate him. The contract between CCA and Dunn provides that Dunn would direct and supervise the work that was being performed at the Trousdale worksite, bear responsibility for the agents and employees of its subcontractors, and provide and pay for labor, equipment, and tools for the project. Although "courts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an 'employer,'" none of those doctrines apply in this case. See Swallows v. Barnes and Noble Book Stores, Inc., 128 F.3d 990, 993 (6th Cir. 1997). Because CCA was not Walker's employer, CCA cannot be liable under Title VII for Walker's alleged discriminatory termination.

## III. RECOMMENDATION

For the above reasons, it is recommended that CCA's Motion for Summary Judgment be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 13, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**